IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEROME ANTHONY THEUS,

                                            ORDER

            Plaintiff,

                                            13-cv-681-bbc

    v.

MS. WIGAND, MR. KEMPER and
MR. HOWARD,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this case, pro se plaintiff Jerome Theus is proceeding on Eighth Amendment claims that defendant Kemper was deliberately indifferent to his serious medical need and that defendants Howard, Wigand and Kemper were deliberately indifferent to the unsanitary conditions of his confinement. Plaintiff has now written to ask to be transferred from the Racine Correctional Institution, where he is housed, to another institution. Dkt. #16. Plaintiff says that staff members at Racine Correctional are not properly treating his medical needs and that they have been retaliating against him since he filed this lawsuit. I will construe plaintiff's submission as a motion for preliminary injunction brought under Fed. R. Civ. P. 65(a) and deny it for several reasons.

First, plaintiff's submission does not comply with this court's procedures for obtaining a preliminary injunction. Those procedures are set out in a document titled <u>Procedure To Be Followed On Motions For Injunctive Relief</u>, a copy of which is included with this order.

1

In particular, plaintiff has not submitted admissible evidence to support his requests for injunctive relief and he has not proposed facts supported by such evidence.

Second, plaintiff cannot be granted injunctive relief on issues that do not relate to the claims on which he has been allowed leave to proceed.  Plaintiff's new allegations concerning his blood pressure medication, denial of medical treatment for his bug bites and retaliation by institution staff do not relate to the claims in *this lawsuit* that defendant Kemper refused to allow plaintiff to go to the hospital and that defendants Howard, Wignad and Kemper refused to provide him with clean linens.

Finally, even if plaintiff had shown that his new complaints are impairing him directly from pursuing his lawsuit, this court has no authority to tell wardens of state institutions to transfer inmates from one institution to another.  That decision is within the discretion of prison administrators.  If plaintiff wishes to pursue other forms of injunctive relief related to his medical treatment for high blood pressure and bug bites or related to the prison staff's alleged retaliation, he must file a new lawsuit (or lawsuits) addressing these claims, after first exhausting his administrative remedies, and file a motion for preliminary injunction that follows this court's rules.

ORDER

IT IS ORDERED that plaintiff Jerome Theus's motion for preliminary injunctive relief, dkt. #16, is DENIED.

Entered this 18th day of March, 2014.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PROCEDURE TO BE FOLLOWED ON MOTIONS FOR INJUNCTIVE RELIEF

*NOTE WELL:* **It is the duty of the parties to present to the court, in the manner required by this procedure, all facts and law necessary to the just, speedy and inexpensive determination of this matter. The court is not obliged to search the record for facts or to research the law when deciding a motion for injunctive relief.**

I. NOTICE

A.   It is the movant's obligation to provide **actual** and **immediate** notice to the opposing party of the filing of the motion and of the date set for a hearing, if any.

B.   The movant must serve the opposing party **promptly** with copies of all materials filed.

C. Failure to comply with provisions A and B may result in denial of the motion for this reasons alone.

II. MOVANT'S OBLIGATIONS

A.   It is the movant's obligation to establish the factual basis for a grant of relief.

    A.   In establishing the factual basis necessary for a grant of the motion, the movant must file and serve:

        1.   A stipulation of those facts to which the parties agree; or

        2.   A statement of record facts proposed by the movant; or

        3.   A statement of those facts movant intends to prove at an evidentiary hearing; or

        4.   Any combination of (a), (b) and (c).

    2.   Whether the movant elects a stipulation or a statement of proposed facts, it is the movant's obligation to present a precisely tailored set of factual propositions that movant considers necessary to a decision in the movant's favor.[1]

        (a)   The movant must set forth each factual proposition in its own separately numbered paragraph.

        (b)   In each numbered paragraph the movant shall set cite

---

[1] These factual propositions must include all basic facts necessary to a decision on the motion, including the basis for this court's jurisdiction, the identity of the parties and the background of the parties' dispute. The movant should not include facts unnecessary to deciding the motion for injunctive relief.

4

with precision to the source of that proposition, such as

> pleadings,[2] affidavits,[3] exhibits, deposition transcripts, or a detailed proffer of testimony that will be presented at an evidentiary hearing.

B. The movant must file and serve all materials specified in II. A with the movant's supporting brief.

D. If, the court concludes that the movant's submissions do not comply substantially with these procedures, then the court, at its sole discretion, may deny summarily the motion for injunctive relief, cancel any hearing on the motion, or postpone the hearing.

### III. RESPONDENT'S OBLIGATIONS

A. When a motion and supporting materials and brief have been filed and served in compliance with Section II, above, the opposing respondent(s) shall file and serve the following:

  1. Any affidavits or other documentary evidence that the respondent chooses to file and serve in opposition to the motion.

  2. A response to the movant's statement of proposed findings of fact, with the respondent's paragraph numbers corresponding to the movant's paragraph numbers.

    (a) With respect to each numbered paragraph of the movant's proposed findings of fact, each respondent shall state clearly whether the proposed finding is not disputed, disputed, or disputed in part. If disputed in part, then the response shall identify precisely which part is disputed.

    (b) For each paragraph disputed in whole or in part, the response shall cite with precision to the evidentiary matter in the record or to the testimony to be presented at the hearing that respondent contends will refute this factual proposition.

---

[2] The pleadings, however, are not evidence. Therefore, the movant may use the pleadings as a source of facts *only if* all parties to the hearing stipulate to these facts on the record.

[3] Affidavits must be made on personal knowledge setting forth facts that would be admissible in evidence, including any facts necessary to establish admissibility.

    B.       The response, in the form required by III A., above, shall be filed and served together with a brief in opposition to the motion for injunctive relief no later than the date set by the court in a separately issued briefing schedule.

  C.   There shall be no reply by the movant.

## IV. HEARING

If the court determines that a hearing is necessary to take evidence and hear arguments it shall notify the parties promptly. It is each party's responsibility to ensure the attendance of its witnesses at any hearing.