IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEROME THEUS,

                                                                                                             ORDER

             Plaintiff,

                                                                                           14-cv-224-bbc

     v.

LORA BLASSIUS, SUSAN NYGREN
DEBBIE NUTTING and LISA BAKER,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEROME ANTHONY THEUS,

                                                                                          ORDER

            Plaintiff,

                                                                                          13-cv-681-bbc

     v.

MS. WIGAND, MR. KEMPER and
MR. HOWARD,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In these consolidated civil actions, pro se plaintiff Jerome Theus, a prisoner at the Racine Correctional Institution, contends that defendants have violated the Eighth Amendment with respect to his medical needs and conditions of confinement. Plaintiff has filed two letters with the court. In one, case no. 13-cv-681-bbc dkt. #34; case no. 14-cv-224-bbc, dkt. #28, he states that the health services unit is requiring him to make a copayment

1

on all medical requests and that it did not start this requirement until after this lawsuit was filed. (He also says that he has been unable to get the Doe nurses to provide him their names, but that issue was resolved as of the filing of his next letter, 13-cv-681-bbc dkt. #35; case no. 14-cv-224-bbc, dkt. #30, providing their names.)

The first letter has several problems. If I construe it as a motion for a preliminary injunction, plaintiff has failed to follow this court's procedures (a copy of which plaintiff received on March 18, 2014) because he has not filed proposed findings of fact. More important, the issue raised (being charged a copayment in retaliation for his filing suit) does not relate to the claims on which he has been allowed leave to proceed. The court will not entertain preliminary injunction motions that do not relate to the underlying lawsuit. The court recognizes an exception to this policy only where it appears that the alleged retaliation would directly, physically impair the plaintiff's ability to prosecute his lawsuit. Plaintiff's allegations do not suggest that his ability to litigate this suit has been impaired.

If I construe the letter as a motion to amend or supplement his complaint, plaintiff fares no better. Plaintiff filed case no. 13-cv-681-bbc in September 2013. Allowing plaintiff to file a new claim about new facts at this time would cause undue delay and prejudice to the parties. Moreover, the issue whether plaintiff was retaliated against because he was charged copayments after bringing this lawsuit does not relate to the claims plaintiff has raised in the lawsuit (inadequate medical care and unsanitary conditions of confinement). If plaintiff wishes to raise a claims concerning these allegations he will have to do so in a separate lawsuit after he exhausts his administrative remedies with respect to that claim.

In the other letter, 13-cv-681-bbc dkt. #35; case no. 14-cv-224-bbc, dkt. #30, plaintiff says that he has been trying to obtain a lawyer but that he has been unable to do so and two of the lawyers he has contacted have failed to provide him a rejection letter. I construe this letter as a renewed motion for assistance in recruiting in counsel. I am denying this motion because plaintiff has not done enough to show that he has made sufficient efforts to obtain counsel, Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992), and because it is too early in the lawsuit to determine whether counsel is warranted, Pruitt v. Mote, 503 F.3d 647, 654, 655 (7th Cir. 2007).

In his letter, plaintiff simply lists two law firms he says he has contacted but from which he has not received a response. Plaintiff's allegations that lawyers have failed to respond to him is surprising because it is the court's experience that lawyers in this area consistently provide responses to prisoner's written requests for legal representation. Plaintiff did not provide copies of the letters he sent to these lawyers or identify the date on which he sent the letters. Therefore, it is difficult to determine whether plaintiff has fulfilled his obligations under Jackson, 953 F.2d 1070, to make a good faith effort to find representation on his own. He says his wife has attempted to call lawyers but that they refuse to provide letters. In the future, plaintiff should retain copies of the letters he sends lawyers and, in the event that a lawyer does not respond to his letter within several weeks, plaintiff may provide the court a copy of the letter and the date it was sent as a substitute for the lawyer's rejection letter.

In any event, at this early stage of the litigation, I cannot determine whether plaintiff

3

has the ability to prosecute this case on his own or how complex the case is, so I cannot decide whether assistance from counsel is necessary. In any event, I would not assist plaintiff in recruiting counsel until after the deadline has run on a motion for summary judgment on exhaustion of plaintiff's administrative remedies. Responding to such motions is straightforward and rarely needs the assistance of counsel. Therefore, I am denying plaintiff's motion without prejudice to his raising it again after the deadline has run on the filing of a motion for summary judgment on exhaustion.

ORDER

IT IS ORDERED that

1. The requests for relief raised in plaintiff Jerome Theus's letter filed September 24, 2014, case no. 13-cv-681-bbc dkt. #34; case no. 14-cv-224-bbc, dkt. #28, are DENIED.

2. Plaintiff's renewed motion for assistance in recruiting counsel, 13-cv-681-bbc dkt. #35; case no. 14-cv-224-bbc, dkt. #30, is DENIED without prejudice.

Entered this 12th day of November, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge