IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEROME THEUS,

                                                                                                   OPINION AND ORDER

           Plaintiff,

                                                                                                     14-cv-224-bbc

     v.

LORA BLASSIUS, SUSAN NYGREN,
DEBBIE NUTTING and LISA BAKER,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEROME ANTHONY THEUS,

                                                                                    OPINION AND ORDER

           Plaintiff,

                                                                                  13-cv-681-bbc

     v.

MS. WIGAND, MR. KEMPER and
MR. HOWARD,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In these consolidated civil actions, pro se plaintiff Jerome Theus, a prisoner at the Fox Lake Correctional Institution, contends that defendants have violated his Eighth Amendment rights with respect to his medical needs and conditions of confinement. Plaintiff has filed seven letters, in which he requests various kinds of relief from the court. Case no. 13-cv-681-bbc, dkt. ## 38, 41-44, 46, 47; case no. 14-cv-224-bbc, dkt. ## 33, 35-

1

38, 40, 41. For the reasons discussed, I am denying all his requests.

OPINION

A. Renewed Motion for Assistance Recruiting Counsel

In his first letter, case no. 13-cv-681-bbc, dkt. #38; case no. 14-cv-224-bbc, dkt. #33, plaintiff renews motions he filed earlier, for assistance in recruiting counsel. However, he has not submitted three letters from lawyers who have declined to represent plaintiff in the case at hand, as he must do before this court will find that plaintiff has made sufficient efforts to find counsel on his own under Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). Previously, plaintiff filed one rejection letter from a lawyer and said that he was unable to provide others because the lawyers had not responded to him. In an order dated November 12, 2014, I told plaintiff that if lawyers did not respond to his letters after several weeks, he could file copies of the letters he sent lawyers, listing the date he sent the letter, in place of the rejection letters.

Since that order was issued, plaintiff has filed one more letter from a lawyer declining to represent him. This is insufficient. Plaintiff has not filed any additional rejection letters or any copies of letters he sent lawyers as described in the November 12 order. Accordingly, I cannot conclude that he has made a good faith effort to find counsel on his own and must deny his motion.

B. Preliminary Injunctive Relief

In five of the letters plaintiff has submitted to the court, in case no. 13-cv-681-bbc, dkt. ##38, 41-44, case no. 14-cv-224-bbc, dkt. ## 33, 35-38, he asks for assistance in obtaining a lower level bunk bed because of his arthritis and high blood pressure. In another letter, case no. 13-cv-681-bbc, dkt. #46; case no. 14-cv-224-bbc, dkt. #40, plaintiff complains that prison staff are attempting to poison him and he knows this because he noticed "needle []hole[s]" in his medicine. Finally, he says that the prison is now refusing to review his administrative complaints because he is black. Case no. 13-cv-681-bbc, dkt. #47; case no. 14-cv-224-bbc, dkt. #41. I construe these letters as motions for preliminary injunctive relief.

This is not the first time plaintiff has filed letters requesting preliminary injunctive relief in case nos. 13-cv-618-bbc and 14-cv-224-bbc. As I have explained to plaintiff, before he can obtain such relief, he must prepare proposed findings of fact to support his motion, as laid out in this court's Procedure to be Followed on Motions for Injunctive Relief, which was attached to the order dated March 18, 2014. Case no. 13-cv-681-bbc, dkt. #18.

Further, plaintiff cannot obtain injunctive relief on issues that do not relate to the claims on which he has been allowed leave to proceed. United States v. Kirschenbaum, 156 F.3d 784, 794 (7th Cir. 1998) ("A district court may not enjoin non-parties who are neither acting in concert with the enjoined party nor are in the capacity of agents, employees, officers, etc. of the enjoined party."). The court recognizes an exception to this policy only if it appears that the alleged actions would directly, physically impair the plaintiff's ability

3

to prosecute his lawsuit. Plaintiff's allegations about the lower bunk and the review of his complaints do not relate to his ability to prosecute this lawsuit. As a result, plaintiff's only option is to pursue his claims in other lawsuits.

With respect to plaintiff's allegation that the prison is poisoning him, plaintiff does not explain whether he was harmed (he says he refused to take the pills) or why there is any reason to believe his allegations are true: he does not explain why he believes what he sees on his pills are "needle holes" or why he believes they are signs that he is being poisoned. Because plaintiff has made no showing that his allegations have any merit, he has no claim to relief at this time.

Plaintiff says that if he needs to file another lawsuit he wants his letter filed at case no. 13-cv-681-bbc, dkt. #41; case no. 14-cv-224-bbc, dkt. #35, to serve as the complaint in that lawsuit. As an initial matter, this letter pertains only to his contention that he requires a lower bunk. In any event, plaintiff's complaint must have a caption that lists the defendants he wishes to sue, which his letter does not.

If plaintiff wishes to file a new lawsuit, he may do so by filing a complaint that lists the defendants he wishes to sue in a caption and that explains why he believes his rights have been violated. If he files such a complaint, plaintiff will be assessed another filing fee and he will be required to make at least an initial partial payment of that filing fee in order to proceed. Plaintiff should know that his letters involve different issues that do not appear to have overlapping legal or factual questions (the lower bunk, the poisoning and the refusal to review his internal complaints). If plaintiff files these claims as new proposed lawsuits,

he might be required to present these issues in separate lawsuits under Fed. R. Civ. P. 20, unless the claims involve the same defendants.

ORDER

IT IS ORDERED that

1. Plaintiff Jerome Theus's renewed motion for assistance in recruiting counsel, case no. 13-cv-681-bbc, dkt. #38; case no. 14-cv-224-bbc, dkt. #33, is DENIED without prejudice.

2. Plaintiff's motions for preliminary injunctive relief, case no. 13-cv-681-bbc, dkt. ## 38, 41-44, 46, 47; case no. 14-cv-224-bbc, dkt. ## 33, 35-38, 40, 41, are DENIED.

Entered this 26th day of January, 2015.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge