IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEROME THEUS,

                                                               ORDER

            Plaintiff,

                                                14-cv-224-bbc

     v.

LORA BLASSIUS, SUSAN NYGREN
DEBBIE NUTTING and LISA BAKER,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEROME ANTHONY THEUS,

                                               ORDER

            Plaintiff,

                                              13-cv-681-bbc

     v.

MS. WIGAND, MR. KEMPER and
MR. HOWARD,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In these consolidated civil actions, pro se plaintiff Jerome Theus, a prisoner at the Fox Lake Correctional Institution, is proceeding on claims that defendants have violated the Eighth Amendment with respect to his medical needs and conditions of confinement. He would like to have the court assist him in obtaining counsel to help him prosecute the case. Case no. 13-cv-681-bbc, dkt. #53 (supplement at dkt. #54); case no. 14-cv-224-bbc, dkt.

1

#49 (supplement at dkt. #50)). I denied one of his requests for such assistance in an order entered on January 26, 2015 (case no. 13-cv-681-bbc, dkt. #48; case no. 14-cv-224-bbc, dkt. #42), because he had not provided the court at least three letters from lawyers who had declined to represent him, to show that he had made his own efforts to find counsel. Since that order, plaintiff has provided the court copies of letters from three lawyers who have declined to represent him.

However, I am not yet persuaded that the complexity of the case exceeds plaintiff's ability to litigate it. Santiago v. Walls, 599 F.3d 749, 762 (7th Cir. 2010); Pruitt v. Mote, 503 F.3d 647, 661 (7th Cir. 2007). The limited number of lawyers able and willing to represent pro se litigants on a volunteer basis makes it necessary to consider in every case whether such help is necessary to a fair development of the claims. In this instance, plaintiff's claims are straightforward and do not seem unduly complicated. He contends that he did not receive proper treatment for his acid reflux and high blood pressure and that his bed linens were soiled and left unchanged for an extended period of time. At this stage, it is not clear that litigating these claims is beyond the scope of plaintiff's abilities. Plaintiff has been an active advocate for himself, filing numerous motions on his behalf, timely responding to court deadlines and following this court's instructions with respect to providing additional proof of his efforts to recruit counsel. Although medical care claims have the potential to be complex and sometimes require expert testimony, it is not yet clear that plaintiff's claims will have those features, particularly because the allegations in his complaint are the bare minimum necessary to satisfy federal pleading standards and there

has been little factual development in the case since then. Dewitt v. Corizon, Inc., 760 F.3d 654, 658 (7th Cir. 2014) (some medical care claims are "so complex and beyond the individual plaintiff's capacity as to warrant the recruitment of counsel"; others are not).

It is possible that it will become apparent at some point that plaintiff's claims are too complex for his abilities. In that event, plaintiff is free to renew his motion. At this time, however, his motion will be denied without prejudice.

Finally, I note that plaintiff has filed several letters with the court. Case no. 13-cv-681-bbc, dkt. ##49, 52, 55; case no. 14-cv-224-bbc, dkt. ##43, 46, 49. He alleges that his mail is being held for four days, a practice he says started after he filed his lawsuit, and that he is not getting his mail related to a case, no. 15-cv-115-bbc, which has since been closed. He does not explain what mail he believes he should have been receiving, other than saying that last month he sent the court three rejection letters and had not received a response. This is not surprising; this is the first order issued on his renewed request for counsel. He also says "now they have pack my laundry bag with my cell on 3-30-15 and the laundry bag was in me box with all my lawsuit paper." He attached the grievance he filed related to the laundry bag to his letter; the grievance states that he "claims that his drawstring laundry bag was packed with someone else's property." Finally, plaintiff filed a letter in which he says the inmate complaint examiner did a poor investigation into his grievance related to medical care.

Plaintiff does not ask for specific relief, but even if he did I could not grant it at this time because he has not shown that his new claims relate to the underlying lawsuits. The

outcome of a grievance procedure has no effect on plaintiff's ongoing litigation; plaintiff has not explained what mail he believes has been delayed or whether the delays in his mail have resulted in any interference with his ability to prosecute this lawsuit; and he does not say that any of his papers were taken along with his laundry bag, or, if they were, whether those papers were material to his case. As I have explained to plaintiff previously, if he wishes to seek injunctive relief, he must follow the steps outlined in the <u>Procedure to be Followed on Motions for Injunctive Relief</u>, attached to the order dated March 18, 2014 in case no. 13-cv-681-bbc, dkt. #18. These procedures include stating the relief sought and listing proposed findings of fact.

ORDER

IT IS ORDERED that plaintiff Jerome Theus's renewed motion for assistance in recruiting counsel, case no. 13-cv-681-bbc, dkt. #53; case no. 14-cv-224-bbc, dkt. #49, is DENIED without prejudice.

Entered this 4th day of May, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge