IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEROME THEUS,

                                                                                      ORDER

                    Plaintiff,

                                                                                     14-cv-224-bbc

    v.

LORA BLASSIUS, SUSAN NYGREN
DEBBIE NUTTING and LISA BAKER,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEROME ANTHONY THEUS,

                                                                       ORDER

                    Plaintiff,

                                                                        13-cv-681-bbc

    v.

MS. WIGAND, MR. KEMPER and
MR. HOWARD,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In these consolidated civil actions under 42 U.S.C. § 1983, defendants Lisa Baker, Lora Blassius, Debbie Nutting, Susan Nygren, Howard, Kemper and Wigand filed a motion for summary judgment on May 22, 2015. Case no. 13-cv-681-bbc, dkt. #64; case no. 14-cv-224-bbc, dkt. #58. On June 1, 2015, pro se plaintiff Jerome Theus, a prisoner at the Fox Lake Correctional Institution, filed a document that he titled a "Motion for Summary

1

Judgement," case no. 13-cv-681-bbc, dkt. #74; case no. 14-cv-224-bbc, dkt. #68, in which alleges that defendants Blassius, Baker and Nutting ignored his healthcare needs, that defendant Kemper was aware of their actions and that plaintiff did not refuse treatment, as argued by defendants in their motion. He contends that defendants' motion contains lies and he asks the court to grant him summary judgment.

The court cannot do as plaintiff asks, for two reasons. First, plaintiff's motion is untimely. Dispositive motions were due on May 22, 2015; plaintiff filed this document on June 1, 2015, without seeking an extension of time. Second, plaintiff has failed to follow the Procedure to be Followed on Motions for Summary Judgment, which was attached to the pretrial conference order, case no. 13-cv-681-bbc, dkt. #37; case no. 14-cv-224-bbc, dkt. #32. The procedures require that the moving party prepare a brief supporting his motion, a statement of proposed findings of fact in a *separate* document from his brief and necessary evidentiary materials. Each proposed finding of fact must be presented in a separate, numbered paragraph and must refer to evidence in the record that supports the proposed fact. Plaintiff's document contains no facts or references to evidence. He attached a "nursing encounter" record from September 2014 in which he complained of acid reflux and two pages from defendants' motion for summary judgment. Without context or explanation, these documents are not helpful to plaintiff's motion.

Plaintiff's document is also insufficient as a response to defendants' motion for summary judgment. Under the procedures, plaintiff must respond to each of defendants' proposed findings of fact or the fact will be deemed undisputed. In addition, plaintiff must

2

file a brief in opposition to defendants' motion. Further, plaintiff may file his own proposed findings of fact, so long as they are in separate, numbered paragraphs and cite evidence in the record. Plaintiff may submit additional evidence in his response materials. Plaintiff has until June 22, 2015 to file materials that respond to defendants' motion.

If plaintiff is unsure how to proceed, he should consult the <u>Memorandum to Pro Se Litigants Regarding Summary Judgment Motions</u>, case no. 13-cv-681-bbc, dkt. #37; case no. 14-cv-224-bbc, dkt. #32, at Packet pp. 2-3, and the <u>Procedure to be Followed on Motions for Summary Judgment</u>, <u>id.</u> at Packet pp. 4-8.

Finally, I note that plaintiff filed two letters before defendants filed their motion for summary judgment in which he contended that (1) he had provided the court more than sufficient evidence of his claims; (2) prison staff were retaliating against him and (3) he was not receiving mail. Case no. 13-cv-681-bbc, dkt. ##57, 59; case no. 14-cv-224-bbc, dkt. ## 51, 53. Because plaintiff has since responded to defendants' motion for summary judgment, it appears that he is receiving mail. Plaintiff also says that he cannot afford to make copies of filings any longer but he has since filed documents that included copied attachments. If plaintiff is unable to copy or file any document that he believes is necessary for his case, he should notify the court and explain exactly what the document is and for what reason he wishes to copy or file it. As for plaintiff's claim of retaliation, I have advised him many times that unless prison officials directly, physically interfere with his ability to prosecute this case, his retaliation claims will have to be heard in a separate lawsuit. If plaintiff believes he has sufficient evidence of his claims that prison officials are interfering with his prosecution of

*this* case, he may make that argument, with proper citation to the record, in his responses to defendants' motion for summary judgment.

ORDER

IT IS ORDERED that plaintiff Jerome Theus's "Motion for Summary Judgement," case no. 13-cv-681-bbc, dkt. #74; case no. 14-cv-224-bbc, dkt. #68, is DENIED.

Entered this 3d day of June, 2015.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge